UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00615-GMG

| DAIN ENNALS, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| SPENCER GIFTS DISTRIBUTION CENTER, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant Spencer Gifts Distribution Center's[1] Motion to Dismiss, (Doc. No. 8), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13), recommending that this Court grant in part and deny in part Defendant's motion, Defendant's Objection to the M&R, (Doc. No. 16), Plaintiff's "Memorandum, Briefing," (Doc. No. 17), and other documents of record. For the reasons explained below, the Court **ADOPTS** the M&R and **GRANTS in part and DENIES in part** Defendant's Motion to Dismiss.

I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R and discusses relevant portions herein.

---

[1] As the M&R states and as Defendant notes in its objections, Plaintiff incorrectly named Defendant as "Spencer Gifts Distribution Center." The correct legal entity is "Spencer Gifts, LLC." (Doc. Nos. 13 at 2, 16 at 1)

1

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)–(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citation omitted). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* (citations omitted). Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

## III. DISCUSSION

On September 27, 2024, the Magistrate Judge issued an M&R recommending the Court grant in part and deny in part Defendant's Motion to Dismiss. (Doc. No. 13 at 19). Specifically, the M&R recommends the Court grant in part Defendant's motion to dismiss with respect to Plaintiff's OSHA claims, claims of harassment and

2

Case 3:23-cv-00615-GMG-DCK   Document 20   Filed 09/30/25   Page 2 of 10

creation of a hostile work environment in violation of Title VII, and claims of sex-based and gender-based discrimination in violation of Title VII. (*Id.*). The M&R recommends the Court deny in part Plaintiff's claims of retaliation and race-based discrimination under Title VII and retaliation in violation of the FLSA. (*Id.*). Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Defendant timely objected to the M&R on the sole ground that the M&R does not correctly apply the FLSA. (Doc. No. 16 at 4). Specifically, Defendant argues the M&R "failed to determine whether Plaintiff sufficiently pled facts sufficient to show he was an employee of Spencer Gifts entitled to the protections of the FLSA." (*Id.*).

On January 23, 2025, Plaintiff filed a "Memorandum and Briefing"—more than three months after the issuance of the M&R. (Doc. No. 17). In it, Plaintiff does not specifically object to the M&R, rather he greatly expands upon allegations he made in his Complaint. (*Id.* at 1 (stating the brief is an offering of "facts happenings and new evidence"). Defendant replies, arguing the response is neither timely nor does it specifically object to the M&R. (Doc. No. 19 at 1).

**A. Defendant's Objection**

Defendant argues the M&R erred in allowing Plaintiff's FLSA claims to proceed because "the Magistrate Judge failed to determine whether Plaintiff sufficiently pled facts sufficient to show he was an employee of Spencer Gifts entitled to the protections of the FLSA," and Plaintiff's Complaint fails to plead

3

sufficient facts to support such a finding. (Doc. No. 16 at 4–6). The M&R found that "Plaintiff's *pro se* Complaint sufficiently frames his factual allegations in relation to his claims for relief" and found "it plausible that the FLSA applies to Plaintiff." (Doc. No. 13 at 16). Defendant's objection highlights that Plaintiff "was directly employed by a staffing agency, not by Spencer Gifts." (Doc. No. 16 at 5).

"A plaintiff asserting a prima facie claim of retaliation under the FLSA must show that (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action." *Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). "Those seeking compensation under the Act bear the initial burden of proving that an employer-employee relationship exists and that the activities in question constitute employment for purposes of the Act." *Benshoff v. City of Va. Beach*, 180 F.3d 136, 140 (4th Cir. 1999).

"To determine whether the employer-employee relationship exists, courts apply the 'economic reality' test." *Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016) (citations omitted).

But the question here is not simply whether "[a] single individual may stand in the relation of an employee to two or more employers at the same time under the [FLSA], since there is nothing in the act which prevents an individual employed by one employer from also entering into an employment relationship with a different employer." *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 133 (4th Cir. 2017)

4

(citing 29 C.F.R. § 791.2(a)) (first alteration in original). The Fourth Circuit provides a test to consider when "determining whether two persons or entities constitute joint employers for purposes of the FLSA." *Salinas*, 848 F.3d at 140 (emphasizing that "the FLSA 'must not be interpreted or applied in a narrow, grudging manner.'" (quoting *Tenn. Coal*, 321 U.S. at 587)). Interpreting 29 C.F.R.§ 791.2(a), the court establishes the requisite inquiry: "whether two or more persons or entities are 'not completely disassociated' with respect to a worker such that the persons or entities share, agree to allocate responsibility for, or otherwise codetermine—formally or informally, directly or indirectly—the essential terms and conditions of the worker's employment.'" *Salinas*, 848 F.3d at 141. Six factors guide this Court's determination of whether a joint employer relationship exists among two employers.

> (1) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to direct, control, or supervise the worker, whether by direct or indirect means;
>
> (2) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate the power to—directly or indirectly—hire or fire the worker or modify the terms or conditions of the worker's employment;
>
> (3) The degree of permanency and duration of the relationship between the putative joint employers;
>
> (4) Whether, through shared management or a direct or indirect ownership interest, one putative joint employer controls, is controlled by, or is under common control with the other putative joint employer;
>
> (5) Whether the work is performed on a premises owned or controlled by one or more of the putative joint employers, independently or in connection with one another; and

> (6) Whether, formally or as a matter of practice, the putative joint employers jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; providing workers' compensation insurance; paying payroll taxes; or providing the facilities, equipment, tools, or materials necessary to complete the work.

*Salinas,* 848 F.3d at 141–142.

Notably, "one factor alone can serve as the basis for finding that two or more persons or entities are 'not completely disassociated' with respect to a worker's employment if the facts supporting that factor demonstrate that the person or entity has a substantial role in determining the essential terms and conditions of a worker's employment." *Id.* at 142. In the Title VII context, the Fourth Circuit has opined that "[t]he joint employment doctrine . . . prevents those who effectively employ a worker from evading liability by hiding behind another entity, such as a staffing agency." *Butler v. Drive Auto. Indus. of Am.*, 793 F.3d 404, 412 n.10, 410 (4th Cir. 2015); *see Jackson v. Fannie Mae*, 181 F. Supp. 3d 1044, 1054 (N.D. Ga. 2016) ("A business that utilizes staffing agencies may be deemed a joint employer of the staffing agency's employees." (citation omitted)); *accord Oliver v. Centene Corp.*, No. 4:21CV199 RLW, 2022 U.S. Dist. LEXIS 40633, at *10 (E.D. Mo. Mar. 8, 2022); *see, e.g., New York v. Scalia*, 490 F. Supp. 3d 748, 776–777 (S.D.N.Y. 2020) (illustrating a scenario in which a staffing agency is a joint employer).

Here, Plaintiff alleges in his Complaint the following regarding his employment:

- Plaintiff is a "former employee at Spencer Gifts of Charlotte NC from 9/5/2021 through 10/16/2022." (Doc. No. 1 at 5)

6

- "Defendant subjected [Plaintiff] to demeaning work tasks, ostracized [him], and discrim[inated] against [him]." (*Id.*).

- "Defendant hired[,] promoted, patronized, others employees in peer positions, yet denied [Plaintiff] benefits, bonuses, insurance and other monies or earned financial security by employment because [Plaintiff] complained about lack of visibility to time keeping/record keeping, performance tracking (objective) and other non-biased data."

- Defendant harassed and belittled Plaintiff with "racist based insults and jokes by means of writing, directly or indirectly verbal communications shared with other employees."

- Defendant "ultimately terminated" Plaintiff due to his communications with "co-employees, managers, team leader and supervisors or other agents at Spencers." (*Id.*).

Further, in Plaintiff's EEOC Charge,[2] Plaintiff states the following:

- Defendant hired him "as a warehouse technician, (staffing agency, employee)," (Doc. No. 12-1);

- Defendant indicated it would hire Plaintiff full time upon his completion of certain requirements, (*Id.*);

---

[2] For the reasons discussed in the M&R and without an objection from any party, the Court incorporates into the Complaint the EEOC Charge attached to Defendant's Reply brief in support of its Motion to Dismiss. *See* (Doc. No. 13 at 10). The Court highlights the M&R's recognition that Defendant, not Plaintiff, requested that the Court incorporate the EEOC Charge into the Complaint. (*Id.*).

7

- Defendant emailed him "congratulat[ing] [Plaintiff] for being selected for a fulltime position," (*Id.*);

- In March and July 2022, Plaintiff was "subjected to race discrimination by [his] direct supervisor" and he "promptly reported [such incidents] to the onsite, staffing agency manager," (*Id.*);

- Defendant subsequently "laid off [Plaintiff] due to a lack of work," (*Id.*).

"A plausible complaint contains facts that, as alleged, allow a court to draw the reasonable inference that the defendant is liable." *Doriety v. Sletten*, 109 F.4th 670 (4th Cir. 2024) (citing *Ashcroft*, 556 U.S. at 678). The Court is mindful of the latitude extended to the pleadings of pro se litigants. *See Carriker v. Carriker*, No. 3:22-CV-00448-DSC, 2022 U.S. Dist. LEXIS 188673, 2022 WL 10208236, at *1 (W.D.N.C. Oct. 17, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (Courts should "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally.")). Importantly, insofar as Plaintiff seeks to have the Court consider any new facts Plaintiff included in his "Memorandum/Briefing" filed on January 23, 2025, (Doc. No. 17), the Court declines to do so. Accordingly, the Court considers only the facts as alleged in the Complaint, (Doc. No. 1), and found in the EEOC Charge, (Doc. No. 12-1).

With this perspective, and noting the early stage of litigation, the Magistrate Judge correctly found Plaintiff plausibly alleged Defendant constitutes his employer under the FLSA. First, Plaintiff's allegation that Defendant subjected Plaintiff to

8

demeaning work plausibly indicates Defendant's control over Plaintiff's work environment, even if Plaintiff was brought in through a staffing agency. Further, the EEOC charge indicates work requirements Plaintiff had to complete for continued employment showing Defendant's control over Plaintiff's work. Second, Plaintiff's complaint alleges—and Defendant does not dispute—that Defendant hired and subsequently terminated Plaintiff, plausibly showing Defendant had this power to hire and fire Plaintiff. Plaintiff's allegation that Defendant's hiring of Plaintiff depended on Plaintiff's completion of certain time requirements further substantiates this allegation. Looking to the fifth factor, Plaintiff's EEOC charge states he worked as a warehouse technician for Defendant, indicating he performed his job in Defendant's warehouse. (Doc. No. 12-1 at 1).

Accordingly, the Court finds Plaintiff's allegations and the EEOC Charge plausibly suggest that Plaintiff may be able to prove that Defendant was a joint employer. As the Court is not making a legal determination at this stage, the Court need not address all the factors. Further, no single factor is determinative, and "a majority of factors are not necessary to support a finding that two or more entities are 'not completely disassociated' with respect to a worker's employment." *Salinas*, 848 F.3d at 146. To the extent Defendant wishes to reargue this at summary judgment, it may do so. For these reasons and those contained in the M&R, the Court adopts the M&R and denies Defendant's motion to dismiss.

### B. Plaintiff's Response

Plaintiff's untimely response to Defendant's objections, (Doc. No. 17), fails to direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. As discussed, to the extent Plaintiff wishes to introduce new allegations, the Court will not consider them. Nevertheless, having conducted a full review of the record, the Court hereby finds that the recommendation of the Magistrate Judge is without any clear error and should be adopted.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**; and
2. Defendant's Motion to Dismiss, (Doc. No. 8), is **GRANTED in part and DENIED in part**.

**DATED**: September 30, 2025

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE